UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

KENNETH WAYNE COBB,            )
BARBRA COBB,                   )
                               )
      Plaintiffs,              )
                               )
vs.                            )    Civil Action No. CV-97-S-1758-NW
                               )
SOUTHERN ENERGY HOMES, INC.,   )
PREMIER HOMES,                 )
                               )
      Defendants.              )

**ENTERED**
**APR 1 0 1998**

## MEMORANDUM OPINION

This action is before the court on the following motions: plaintiffs' motion to remand; plaintiffs' alternative motion to dismiss Count III; defendants' motion to stay action and compel arbitration; and, plaintiffs' motion to stay hearing on defendants' motion to compel arbitration. Upon consideration of plaintiffs' motion to remand, the pleadings, and briefs, this court concludes the motion is due to be granted.

### I.  SUMMARY OF FACTS

Defendant Premier Homes is a retailer of mobile homes doing business in Florence, Alabama. (Complaint ¶ 1; see also Southern Energy Homes, Inc.'s Response to Plaintiffs' Motion to Remand, attached Retail Installment Contract ("Contract").) Plaintiffs Kenneth Wayne Cobb and Barbra Cobb, residents of Athens, Alabama, contacted Premier in August of 1995 to discuss the purchase of a mobile home. (*Id.*) Following negotiations, plaintiffs executed a contract to purchase a new double-wide mobile home from Premier on August 19, 1995. (*Id.*; Contract at 1-2.) The home was

manufactured by defendant Southern Energy Homes, Inc., an Alabama corporation, and transported to the Cobb's homesite. (Plaintiffs' Memorandum Brief in Support of Remand at 1.) After moving into the home, plaintiffs

> began to have significant structural problems with the home. The roof had significant defects and was completely unlevel. In addition, the floor separated because one side of the home is larger than the other thus creating non-union of the meeting sides. In addition to these problems, many other smaller warranty problems developed.

(*Id.*) Plaintiffs notified both defendants and requested repair of the defects, but were dissatisfied with defendants' response to their requests. (*Id.*)

Plaintiffs filed this action in Lauderdale County Circuit Court on June 18, 1997, asserting claims for breach of contract; breach of express warranty in violation of Alabama Code § 7-2-313 (1975); violation of the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act ("MMWA"), 15 U.S.C. §§ 2301-12; and fraud.

Defendants timely removed the action to this court on July 14, 1997, pursuant to the provisions of 28 U.S.C. § 1441(a) and (b). They assert original jurisdiction over plaintiff's MMWA claim under 15 U.S.C. §§ 2310(d)(1)(B) and 2310(d)(3), and 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state-law claims under 28 U.S.C. § 1367(a). Also on that date, defendant Southern Energy Homes, Inc. moved to stay this action, and to compel arbitration of plaintiffs' claims pursuant to an arbitration clause contained in the written warranty extended by Southern Energy to

2

plaintiffs. Plaintiffs seek to stay consideration of defendant's motion to compel arbitration until all pending jurisdictional questions are resolved.

Plaintiffs moved to remand on August 14, 1997, asserting two grounds: defendants have not demonstrated that plaintiffs' claims meet the requisite jurisdictional amount under the MMWA; and, 28 U.S.C. 1441(c) compels remand because plaintiffs' state law claims predominate over their single federal claim. Alternatively, plaintiffs move to dismiss their sole federal claim (Count III), following which they urge the court to decline to exercise supplemental jurisdiction over the remaining state law claims.

This action, originally pending before the Honorable E. B. Haltom, Jr., was reassigned to the undersigned on January 23, 1998, and all pending motions now are ripe for decision.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). As such, they have the power to hear only those cases authorized by Congress or by the Constitution. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted); *see also Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff

3

and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court").

**A.   Removal Jurisdiction**

Title 28 U.S.C. § 1441(a) permits removal of any action over which "the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants contend that this action arises under § 2310(d)(1) of the MMWA, which provides that

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> ...
>
> (B)   in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

28 U.S.C. § 2310(d)(1). Paragraph Three sets an additional limit on this court's jurisdiction of such claims.

> (3)   No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—
>
> ...
>
> (B)   <u>if the amount in controversy is less than the sum or value of $50,000</u> (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; ...

4

*Id.* § 2310(d)(3)(emphasis supplied). Thus, under the MMWA, this court's jurisdiction extends only to claims whose value equals or exceeds $50,000.

### B.  Defendants' Burden

The burden of proving that jurisdictional conditions have been met falls on the removing party. *E.g., McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)(burden of meeting jurisdictional prerequisites "must be met by the party who seeks the exercise of jurisdiction in his favor"); *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996).

Where a plaintiff has specifically claimed <u>less than</u> the jurisdictional amount in his state court complaint, the removing defendant must show to a "legal certainty" that the plaintiffs would not recover less than the jurisdictional amount, if they prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. ... Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. ... We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate. ... Any lesser burden would impermissibly expand federal ... jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (citing *Burns*, 31 F.3d at 1095-97).

5

Where, as in the present action, a plaintiff has made an unspecified demand for damages, the rule is different. In such cases, the Eleventh Circuit instructs that

> a low[] burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal ... jurisdiction, is struck by a preponderance of the evidence standard.

*Id.* at 1357. Accordingly, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not [meets] the $50,000 jurisdictional requirement." *Id.*

Here, plaintiffs seek only "general, compensatory, consequential and punitive damages in sufficient amounts to fully compensate the plaintiffs and to deter the defendants and others from such wrongful conduct in the future, plus interests and costs." (Complaint at 2-4.) Thus, defendants must prove by a preponderance of the evidence that those demands, if met, more likely than not would yield a recovery equal to, or in excess of, the MMWA's $50,000 jurisdictional requirement.

C.  **Defendants' Proof**

For purposes of establishing jurisdiction under the Magnuson-Moss Act, the measure of damages is governed by state law. *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

In Alabama, the general measure of damages for breach of warranty is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted...." Alabama Code § 7-2-714(2) (1975). Incidental and consequential damages are also recoverable. *Id.* § 7-2-714(3). In appropriate cases, damages for emotional distress and mental anguish may also be recovered for breach of warranty. *Lawler Mobile Homes, Inc. v. Tarver*, 492 So. 2d 297 (Ala. 1986).

Damages resulting from pendent state law claims, however, are not included. Indeed, "every court that has examined this issue in any detail has concluded that state claims may not be counted toward Magnuson-Moss' jurisdictional threshold." *See Marchionna v. Ford Motor Co.*, CV 94-C-275, 1995 WL 476591, *7 (N.D. Ill. Aug. 10, 1995)(citing cases). Thus, plaintiffs' potential recovery for fraud, breach of contract, and breach of warranty under Alabama law is irrelevant to whether their MMWA recovery, more likely than not, will equal or exceed $50,000.

Defendants' proof of the jurisdictional amount begins in their notice of removal with the conclusory assertion that "[i]t is averred, upon information and belief, that the Plaintiffs' claims against Southern Energy Homes, Inc. exceed the sum of $50,000.00, exclusive of interests and costs." (Defendants' Notice of Removal ¶ 3.) To that sentence, defendants append a footnote which reads: "Although the Plaintiffs have failed to particularize a dollar demand in their complaint, the actual amount claimed by the

7

Plaintiffs is averred to be, upon information and belief, in good faith, in excess of $50,000.00." (*Id.*) Defendants cite no case law or other authority, however, in support of those broad statements. Such bare assertions are insufficient to meet defendants' burden.

In brief, defendants argue that

> the total time deferred sales price for the Plaintiffs manufactured home was $91,907.32. In addition, the Plaintiffs seek damages for their alleged mental anguish and emotional distress. The purchase price of the home, the interest paid and the claimed damages for distress and anguish, all are recoverable, if proven, for breach of warranty. Therefore, the Plaintiffs have <u>clearly</u> made claims against Southern which, in good faith, are shown to exceed the sum of $50,000.00.

(Southern Energy Homes, Inc.'s Response to Plaintiffs Motion to Remand ¶ 11 (emphasis supplied).) Again, defendants cite no authority demonstrating the asserted clarity of their position.

Moreover, defendants fail to demonstrate how the "total time deferred sales price for the Plaintiffs manufactured home" is relevant to the "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted...." The pertinent comparison is between the promised value of the goods and their actual value.

1. **Promised value of goods**

At the time and place of acceptance, the value of plaintiffs' new home, had it been as promised, was its purchase price: $47,985.00. *Winchester v. McCulloch Brothers Garage, Inc.*, 388 So.

8

2d 927, 928 (Ala. 1980)("The purchase price is evidence of the value of the goods as warranted"); *Becker Roofing Co. v. Carroll*, 69 So. 2d 295, 299 (Ala. Civ. App. 1953)("In fixing the value of property if it were as warranted, as an element of the measure of damages, the purchase price has been said to be strong but not conclusive, the best, *prima facie*, strong *prima facie*, or, in the absence of other evidence, sufficient evidence of such value")(internal quotation marks and citations omitted).

Defendants contend that finance charges paid out over the twenty year term of plaintiffs' loan should be included in the amount in controversy, yet they direct the court to no pertinent Alabama cases so holding. In any event, other courts have recognized that the plain language of § 7-2-714(2) belies defendants' argument. The Third Circuit Court of Appeals, for example, held that "interest is not a proper factor to be considered" in determining the value of goods as warranted under an identical New Jersey statute. *Chatlos Systems, Inc. v. National Cash Register Corp.*, 635 F.2d 1081, 1088 (3d Cir. 1980). In *Chatlos*, the court stated

> Interest represents the cost of the money borrowed to buy the goods because capital was not available to make a cash purchase. If, however, the buyer is awarded lump sum damages, he would be able to make a replacement purchase without borrowing and incurring interest expenses. To the extent, therefore, that the recovery included interest on the original purchase, it would constitute a windfall.

9

*Id.* Accordingly, the court remanded the case to the trial court for a recalculation of the damage award, excluding the finance charges.

Similarly, in *Long v. Quality Mobile Home Brokers, Inc.*, 248 S.E.2d 311, 313 (S.C. 1978), the South Carolina Supreme Court faced the same issue in construing a statute identical to Alabama's § 7-2-714(2). The court reversed a trial court's damage calculation because it was based on the credit price of plaintiff's mobile home rather than its cash price. The court recognized that such an approach "does not fit the plain words of the statute. ... [V]alue is what one can sell an item for on the open market. Value is not increased by finance charges." *Id.* This court finds those views persuasive, and holds that the cost of credit is not properly included in an assessment of the value of goods as warranted.

2.   **Actual value of goods**

Given the alleged defects in plaintiffs' mobile home, its true value at the time of acceptance logically must have been less than the purchase price. Indeed, unless those defects rendered plaintiffs' home unsalvageable, plaintiffs' damages must be less than the cost of the home. *Winchester*, 388 So. 2d at 929 ("In the unlikely event the truck could not be repaired and had no salvage value, the difference in the value of the truck as accepted and its value as warranted can be no more than $8,225, the cost of the truck"). The record is silent as to the value of the home as is, or the cost of repairing the mobile home's alleged defects. Absent

10

such evidence, the court simply has no basis from which to precisely calculate plaintiffs' general damages. Hence, all the court can determine on the present record is that plaintiffs' damages are $47,985.00 minus the home's actual value as diminished by its alleged defects.

### 3. Additional damages

Plaintiffs also seek recovery for incidental and consequential damages, and for mental anguish and emotional distress caused by the defective condition of their new home. Neither party provides the court with any evidence of the nature or magnitude of those damages, however. A mere regurgitation of plaintiffs' prayer for relief is insufficient to establish the jurisdictional requirement.

Although defendants may meet their burden by pointing to similar cases in the same, or nearby, jurisdictions which resulted in verdicts for more than the jurisdictional amount, they have not done so. Defendants present no evidence that juries in Lauderdale County have ever awarded an amount in excess of $50,000 for a claim similar to plaintiffs', much less that, more likely than not, they would do so in this instance. This court's own research reveals no reported cases from Lauderdale County which support defendants' jurisdictional arguments. Absent facts upon which to base an estimate, or comparative case law, this court is left to apply the imprecise tool of speculation to ascertain the worth of plaintiffs' claims. It declines to use so blunt an instrument for so delicate a task.

11

On matters of federal jurisdiction, the tie goes to state court. *Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court"). Accordingly, the court finds that defendant has not shown by a preponderance of evidence that plaintiffs' recovery, if they prevail, more likely than not will meet the MMWA's jurisdictional requirement of $50,000. Thus, this court lacks subject matter jurisdiction of this action, and plaintiffs' motion to remand is due to be granted.

The other pending motions are more appropriately addressed by the Circuit Court of Lauderdale County, Alabama, following remand. Accordingly, the court declines to address the merits of those motions. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this  9th  day of April, 1998.

                                                     United States District Judge

12